UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND GEORGE and
CREOLA GEORGE,

      Plaintiffs,

v.                                          Civil Case No. 13-14465
                                          Honorable Patrick J. Duggan

LEO RHODES, DARRYL CHAPPELL,
MAURICE DICKSON, PAULA
GANBRILLAY, TERRENCE SIMS,
KEVIN PAYTON, ELLA BULLY,
DAVID J. ALLEN, DAVID A. MCGREEDY,
THOMAS J. TRZEINSKI, JOHN T. MARUNICK,
KYM WORTHY, CRAIG R. FREEMAN &
ESTATE & HEIRS, LNU, and LNU WARDENS,

      Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING DEFENDANTS AND DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT

Plaintiffs filed this *pro se* action against numerous defendants on October 24, 2013. Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is

entitled to relief, and a demand for judgment for the relief sought. A complaint must contain sufficient factual matter, that when accepted as true, "'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). Generally, a less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even when held to a less stringent standard, however, Plaintiffs' Complaint fails to satisfy Rule 8.

At various locations in their Complaint, Plaintiffs name the individuals in the above-caption as defendants to this action. The allegations of wrongdoing set forth in the Complaint, however, refer to no other individuals but David J. Allen, Craig R. Freeman, and three unidentified Detroit police officers. In order to satisfy the pleading requirements in Rule 8, as interpreted by *Iqbal* and *Twombly*, Plaintiffs must assert factual allegations related to *each* defendant being sued. *See Twombly*, 550 U.S. at 55 (holding that, in order to state a claim, the plaintiff must make sufficient allegations to give a defendant fair notice of the claim). In other

words, Plaintiffs must allege each defendant's personal involvement in an alleged violation of law. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of the plaintiff's rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant). Plaintiffs additionally fail to provide any time-frame as to when the alleged misconduct occurred.

Furthermore, the Complaint names Raymond and Creola George as Plaintiffs. Nevertheless, Creola George neither signed the Complaint as required under Rule 11(a) of the Federal Rules of Civil Procedure nor submitted an affidavit in support of the application to proceed *in forma pauperis* as required in 28 U.S.C. § 1915(a)(1). To the extent she intends to proceed as a plaintiff in this lawsuit and avoid paying the filing fee, Ms. George must sign the amended complaint and submit the necessary affidavit.

For these reasons, the Court is ordering Plaintiffs to file an amended complaint. However, for the reasons discussed below, the amended complaint shall not name David J. Allen or "Craig R. Freeman & Estate & Heirs" (or Craig R. Freeman) as a defendant.

In their Complaint, Plaintiffs allege that David J. Allen engaged in misconduct while sitting as the judge on a criminal case against Plaintiff Raymond George.  "It is well established," however, "that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction."  *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).  The actions Judge Allen is described in the Complaint to have taken were performed in accordance with his duties as a judge.  In other words, there were not taken in the "complete absence of any jurisdiction."  Judge Allen therefore is entitled to absolute immunity with respect to Plaintiffs' allegations.

With respect to Craig R. Freeman, Plaintiffs allege that he served as Plaintiff Raymond George's counsel during the criminal proceedings and provided ineffective assistance of counsel.  Plaintiffs also allege that Attorney Freeman committed fraud by collecting $1,500.00 from them for Plaintiff Raymond George's representation even though he was a court appointed attorney.  Plaintiffs' claims against Attorney Freeman alleging essentially legal malpractice and fraud are state law claims over which this Court lacks subject matter jurisdiction.  There is no diversity of citizenship between the parties, *see* 28 U.S.C. § 1332, and the Court does not have supplemental jurisdiction over these claims under 28 U.S.C.

§ 1367.  The claims are not "so related to" Plaintiffs' claims alleging unlawful arrest and excessive force (to the extent those claims are even asserted under federal law) "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367 (granting federal court's "supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

In short, Plaintiffs' Complaint does not satisfy Rule 8's pleading requirements with respect to any defendant but Defendants Allen and Freeman. Defendant Allen, however, is absolutely immune from the claims asserted by Plaintiffs; and the Court lacks jurisdiction over Plaintiffs' claims against Defendant Freeman.

Therefore, **within twenty one (21) days** of this Order, Plaintiffs shall file an amended complaint in compliance with Federal Rule of Civil Procedure 8 and this Opinion and Order or this action will be dismissed without prejudice. In the caption of their amended complaint, Plaintiffs shall number each defendant or find some other way to make clear to the Court who they intend to sue.  Plaintiffs' Complaint against Defendant David J. Allen is **DISMISSED WITH PREJUDICE** and against Defendant Craig R. Freeman & Estate & Heirs is

**DISMISSED WITHOUT PREJUDICE** and these defendants are dismissed as parties to this lawsuit.

 **SO ORDERED**.

Date: October 31, 2013   s/PATRICK J. DUGGAN
             UNITED STATES DISTRICT JUDGE

Copy to:
Raymond and Creola George
14525 Lauder
Detroit, MI 48227